IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GREG N. WISNER and, | § | CASE NO. 21-41120 |
| DANA P. WISNER | § | |
| | § | |
| DEBTORS | § | |
| | | |
| BALLOUT REAL ESTATE, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | ADV. NO. 21-04121 |
| | § | |
| GREG N. WISNER and, | § | |
| DANA P. WISNER | § | |
|     Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS COUNT OF COMPLAINT SEEKING DECLARATORY JUDGMENT REGARDING DISCHARGE AND DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. §§ 727 & 523**

**14-DAY NEGATIVE NOTICE – LBR 7007: No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

    **COMES NOW** Defendants Greg N. Wisner and Dana P. Wisner *("Defendants")* file this *Defendants' Motion to Dismiss Count of Complaint Seeking Declaratory Judgment Regarding Discharge and Dischargeabity of a Debt.* In support of this Motion, the Defendants state as follows:

    1.    Defendants respectfully submit that the Plaintiff's request for Declaratory Judgment that the Defendants should be denied a discharge under 11 U.S.C. § 727 or that its debt

1

should be declared nondischargeable under 11 U.S.C. §523 should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the request for relief was filed with the court 88 days after the deadline for seeking such relief.

## BACKGROUND FACTS

2. The Defendants filed a voluntary petition for relief under chapter 7 on August 5, 2021 in this district. The Debtor listed Ballout Real Estate, LLC (the "*Plaintiff*") as a creditor on its service list and schedules filed on the same day as its voluntary Petition. At the time the bankruptcy case was commenced, the Bankruptcy Noticing Center ("*BNC*") sent the Notice of Chapter 7 Bankruptcy Case to creditors of the Debtors, including the Plaintiff. The BNC filed its Certificate of Notice showing service on Ballout Real Estate on August 8, 2021 [*Docket #4 Main Bankruptcy Case*]. Set forth in the Notice of Chapter 7 Bankruptcy was notice that the deadline to object to discharge or to challenge whether certain debts are dischargeable was **November 1, 2021** (the "*727/523 deadline*")

3. No request to extend the 727/523 deadline was filed in the case by any party.

4. The Plaintiff made its first appearance in the main bankruptcy case on September 22, 2021 [*Docket #19 Main Bankruptcy Case*].

5. On November 1, 2021 the Plaintiff filed its Plaintiff's Original Complaint (*Adv. Dkt #1*] in this adversary (the "*Original Complaint*"). A true and correct copy of the Plaintiff's Original Complaint, without exhibits, is attached hereto as Exhibit 1. In its Original Complaint, the Plaintiff sought an award of damages for <u>Count 1</u> - Theft-Civil Liability Act; <u>Count 2</u> – Conversion; <u>Count 3</u> – Unjust Enrichment/ Money Had and Received; <u>Count 4</u> – Fraud, Fraud by Concealment, Fraud through Misrepresentation, and Fraud by Non-Disclosure; <u>Count 5</u> – Civil Conspiracy and Aiding and Abetting; <u>Count 6</u> – Accounting; <u>Count 7</u> Exemplary Damages; <u>Count 8</u> – Attorney's Fees; <u>Count 9</u> – Request for Declaratory Judgment.

6. In its Request for Declaratory Judgment, the Plaintiff requested:

"…. declaratory judgment to resolve an existing controversy concerning the parties' respective rights and obligations regarding the Defendant's Property. Defendants have taken the position in the underlying bankruptcy proceeding that the Defendant's Property is an exempt asset and Defendants are seeking to avoid and cancel any judgment lien arising from the judgment Patriot Concrete obtained against Greg Wisner.

Plaintiff has shown herein that the Defendant's Property was obtained through ill-gotten gains received by Defendants through their fraudulent and unlawful scheme set forth in detail herein.

Given the controversy between the parties regarding their respective rights and obligations concerning the exempt status of the Defendant's Property, Plaintiff seeks declaratory judgment that Defendant's Property is not an exempt asset and, therefore, Defendants are not entitled to avoid or cancel any judgment liens against such property."

7. At the Conclusion of the Original Complaint, the Plaintiff requested that it be awarded judgment against Defendants for the following relief:

1. Plaintiff's actual damages;

2. Plaintiff's reasonable and necessary attorney's fees;

3. Exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code;

4. Pre-judgment and post-judgment interest at the maximum rates allowed by law;

5. Declaratory judgment as requested herein; and

6. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

8. The Plaintiff did not seek any relief in its Count for Declaratory Relief in the Original Complaint for the determination of the Debtors discharge or dischargeability of its claim under Section 727/523 nor in any other count in its Original Complaint. The Original Complaint is entirely devoid of any request to deny the Defendant's a discharge or to determine the dischargeability of the Plaintiff's claim.

9. When the Original Complaint was filed, the court clerk appropriately classified the adversary proceeding as "*02. Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy). 14. Recovery of money property – other.*"

10. No summons was issued related to the Original Complaint.

11. On November 22, 2021, the Plaintiff filed its Amended Complaint [*Adv. Dkt. #2*]. No request for relief under Section 727/523 was made in the Plaintiff's Amended Complaint. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as Exhibit 2. Summons were issued for the Plaintiff's Amended Complaint on January 20, 2022 but were never served on the Defendants and no return of service filed with the court.

12. On January 13, 2022 the Defendants were issued an Order of Discharge in the main bankruptcy case [*Docket # 67 Main Bankruptcy Case*].

13. On January 27, 2022, the Plaintiff filed its Second Amended Complaint [*Adv. Dkt. #6*]. The Plaintiff did not include any additional counts in its complaint, but for the first time included, in its Request for Declaratory Judgment, a request that its debt not be discharged under Section 523. The Plaintiff also, for the first time, included a request for declaratory judgment that the Debtors should be denied a discharge under Section 727. A true and correct copy of the Plaintiff's Second Amended Complaint is attached as Exhibit 3.

14. Summons for the Second Amended Complaint were issued on January 28, 2022. A return of serve was returned on January 31, 2022.

**STANDARD**

15. A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the Court. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). The party asserting jurisdiction bears the burden of proving its existence. *Id.* (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)). A case is properly dismissed under Rule 12(b)(1) when

the Court lacks the statutory or constitutional power to adjudicate the case. *Cleancoalition v. TXU Power,* 536 F.3d 469, 473 (5th Cir.2008) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)). In deciding a Rule 12(b)(1) motion, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Comm'cns Inc.,* 117 F.3d 900, 904 (5th Cir.1997).

## ARGUMENT AND AUTHORITIES

16. The Defendants motion to dismiss is governed by Federal Rules of Civil Procedure 12(b)(1), made applicable in bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 7012 for lack of subject-matter jurisdiction.

17. The deadline for filing discharge or dischargeability complaints is jurisdictional in nature. Where a creditor does not file a complaint objecting to a chapter 7 debtor's discharge or seek extension of time, until after the deadline has already expired, the bankruptcy court is without jurisdiction to consider the complaint. *In re Thomas*, 203 B.R. 64 (E.D. Tex. 1996).

18. The Plaintiff's first request for the Debtors to be denied a discharge was not only filed 88 days after the deadline set forth in the Notice of Chapter 7 Bankruptcy Case, it was made 14-days after the Debtors had already received their discharge order from the court.

19. The Plaintiff received timely notice of the bankruptcy filing by the BNC. The Plaintiff made an appearance in the bankruptcy case as early as September 22, 2021; well before the discharge / dischargeability deadline of November 1, 2021 and no motion requesting an extension of the deadline was filed with the court.

20. Federal Rule of Bankruptcy Procedure 4007(c) provides:

> …. A complaint to determine the dischargeability of a debt under section 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a). The court shall give all creditors no less than 30 days notice

of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under the subdivision. The motion shall be filed before the time has expired.

21. The first date set for the Debtors meeting of creditors was September 2, 2021. November 1, 2021 is 60-days following the first date set for the meeting of creditors. The Plaintiff received notice of the deadline on August 8, 2021 and made an appearance in the case on September 22, 2021. The Plaintiff clearly received more than 30-days notice of the deadline to file a complaint to determine dischargeability of its debt or request that the Debtors be denied a discharge.

22. The 60-day deadline is jurisdictional and may not be extended after the deadline has passed. *Id*. at 70. Also see *In re Rowland*, 275 B.R. 209, 215 (E.D. Penn. 2002) (The deadline in Rule 4007(c) is jurisdictional); In re Rhodes, 71 B.R. 206, 208 (9th Cir. BAP 1987) (Bankruptcy court was obligated to dismiss creditor's complaint under section 523(c) where the creditor filed its complaint one-day late even upon a showing of excusable neglect.)

23. Nor should the Plaintiff be allowed to argue its Second Amended Complaint should relate back to its Original Complaint filed before the expiration of the 727/523 deadline. <u>Federal Rule of Civil Procedure 15</u> <u>Amended and Supplemental Pleadings,</u> made applicable by Fed R. Bankr. Proc. 7015, provides:

(c) RELATION BACK OF AMENDMENTS.

    (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
        (A) the law that provides the applicable statute of limitations allows relation back;

24. Bankruptcy rules establishing time limits for filing complaints objecting to debtor's discharge or to dischargeability of debt are analogous to statutes of limitations and are strictly construed. *In re Bozeman*, 226 B.R. 627, 630 (8th Cir. BAP 1998). The statute of limitations for

the Plaintiff to have objected to the Defendants discharge or object to the discharge of its debt was November 1, 2021.  The Plaintiff failed to raise such a claim until its Second Amended Complaint was filed 88 days after the deadline.  The Bankruptcy Rule establishing time limits for filing objections to debtor's discharge is to be strictly construed and does not allow an amended complaint to relate back to the original pleading after the expiration of the deadline. *In re Damrill*, 232 B.R. 767, 777 (W.D. Mo. 1999) (Creditor that had timely filed an objection to the debtor receiving a discharge under section 727, was not allowed to amend its pleading to add an objection to determine the dischargeability of its debt under section 523 after the deadline for doing so had already expired).

25. The Plaintiff simply missed the deadline to seek relief under Section 523 or Section 727, thus depriving this court of subject matter jurisdiction to consider the request.  The Plaintiff's request for declaratory relief under 727/523 should be dismissed.

**For the foregoing reasons**, the Defendants respectfully request, pursuant to Federal Rules of Civil Procedure 12(b)(1), that this Court enter an order dismissing the claims and causes of action for relief under 11 U.S.C. §727 objection to the Defendant's discharge and under 11 U.S.C. §523 to determine the dischargeability of the Plaintiff's claim as specified in this Motion and grant the Defendants such other and further relief to which they may show themselves justly entitled.

Dated:  February 25, 2022

    Respectfully submitted,

    QUILLING, SELANDER, LOWNDS,
      WINSLETT & MOSER, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas  75201
    (214) 880-1851 (Telephone)
    (214) 871-2111 (Facsimile)

By: */s/ John Paul Stanford*
John Paul Stanford
State Bar No. 19037350
Email: jstanford@qslwm.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of February 2022, a true and correct copy of the foregoing pleading was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this adversary proceeding and upon the counsel for Plaintiff.

William C. Little
Little & McCool, P.C.
301 Main Plaza #372
New Braunfels, Texas 78130

*/s/ John Paul Stanford*