
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GREG D. WISNER and | § | Case No. 21-41120 |
| DANA P. WISNER, | § | (Chapter 7) |
| | § | |
| Debtors. | § | |
| | § | |
| BALLOUT REAL ESTATE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 21-4121 |
| | § | |
| GREG D. WISNER and | § | |
| DANA P. WISNER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING PARTIAL MOTION TO DISMISS

On April 5, 2022, this Court conducted a hearing on the Defendants' Motion to Dismiss Count of Complaint Seeking Declaratory Judgment Regarding Discharge and Dischargeability of a Debt Under 11 U.S.C. §§ 727 & 523 filed by Greg D. Wisner and Dana P. Wisner (collectively, the "**Defendants**" or "**Debtors**"). Ballout Real Estate, LLC (the "**Plaintiff**") opposes the motion. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (I), (J) and (O). This Memorandum Opinion embodies the Court's findings of fact and conclusions of law. *See* FED. R. BANKR. P. 7052.

### FEDERAL RULE 12(B)(1) AND (B)(6)

The Defendants seek to dismiss a portion of the Plaintiff's complaint, specifically the Plaintiff's discharge and dischargeabilty claims, for lack of subject matter jurisdiction under

1

Federal Rule of Civil Procedure ("**Federal Rule**") 12(b)(1), arguing that they are time-barred under Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 4004(a) and 4007(c). However, as the Supreme Court has stated, Bankruptcy Rules 4004(a) and 4007(c) are claim-processing rules, and the Plaintiff's failure to meet the deadlines contained in them does not affect the Court's jurisdiction over its claims. *Kontrick v. Ryan*, 540 U.S. 443, 453-54 (2004) (addressing Bankruptcy Rule 4004). But those Bankruptcy Rules do provide "an affirmative defense to a complaint filed outside" their time limits. *Id.* at 456. The Court will, therefore, convert the Defendants' Federal Rule 12(b)(1) motion to a Federal Rule 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g., Punch v. Nelson*, 2022 WL 2789020, at *1 (S.D. Tex. July 15, 2022), *report and recommendation adopted,* 2022 WL 3213126 (S.D. Tex. Aug. 9, 2022) (converting a Federal Rule 12(b)(1) motion asserting a limitations defense to a Federal Rule 12(b)(6) motion).

"The failure-to-state-a-claim inquiry typically focuses on whether the plaintiff plausibly alleges the elements of a claim." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022)." But Federal Rule 12(b)(6) dismissal may also be appropriate based on a successful limitations defense — provided that the defense appears on the face of the complaint. *Id. See also Basic Cap. Mgmt. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (same). It must be apparent from "the plaintiff's own allegations" that a defense is fatal to the claim. *Id.* (quoting 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357). In other words, the pleadings must "reveal beyond doubt that the plaintiffs can prove no set of facts" that would overcome the defense or otherwise entitle them to relief. *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991).

While courts typically cannot consider evidence outside of the pleadings in the context of a motion to dismiss, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Fifth Circuit has established that a court's consideration of documents attached to a motion to dismiss is limited "to documents that are referred to in the plaintiff's complaint *and* are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (emphasis added) (citation omitted). This Court also takes judicial notice of pertinent docket entries and papers within this adversary proceeding and the underlying bankruptcy case. *See*, e.g., *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a bankruptcy court may "properly take judicial notice of its own records").

## BACKGROUND

The Defendants filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") on August 5, 2021. In their bankruptcy schedules, the Debtors listed Ballout Real Estate, LLC as owing the Defendants a receivable or commission in the amount of $200,000. The Defendants also listed "Bailout [sic] Real Estate" as a creditor with an unsecured claim in the amount of $190,000. The Defendants listed "Ibrahim Ballout Quick Pro Lube" as a creditor "for notice purposes only."

The Bankruptcy Noticing Center ("**BNC**") sent the Notice of Chapter 7 Bankruptcy Case to the Debtors' creditors, including "Ibrahim Ballout Quick Pro Lube." The Notice of Chapter 7 Bankruptcy Case stated that the deadline to object to discharge (under 11 U.S.C. § 727) or to challenge whether certain debts are dischargeable (under 11 U.S.C. § 523) was November 1, 2021 (the "**727/523 Deadline**").

No request to extend the 727/523 Deadline was filed in the case by any party.

The Plaintiff alleges in its adversary complaint that it obtained an assignment of two Interlocutory Default Judgments in favor of Patriot Concrete, Inc. and against G Wise Group, LLC, Gregory Wisner, and G Wise Developments. The assignment, which is attached to the proof of claim filed by the Plaintiff in the main bankruptcy case, is dated "July __, 2021" and was signed by Ibrahim Ballout for Ballout Real Estate, LLC.

On September 1, 2021, the Debtors filed a motion to avoid Patriot Concrete's judicial lien on their exempt property pursuant to 11 U.S.C. § 522(f)(1). The Plaintiff, as the assignee of Patriot Concrete, requested that the Court extend the deadlines to object to the Debtors' claimed exemptions and to respond to the Debtors' motion to avoid Patriot Concrete's judicial lien to November 15, 2021. The Court granted the extensions.

On November 1, 2021, the Plaintiff commenced this adversary proceeding by filing its Original Complaint. In its Original Complaint, the Plaintiff sought an award of damages for Count 1 - Theft-Civil Liability Act; Count 2 – Conversion; Count 3 – Unjust Enrichment/ Money Had and Received; Count 4 – Fraud, Fraud by Concealment, Fraud through Misrepresentation, and Fraud by Non-Disclosure; Count 5 – Civil Conspiracy and Aiding and Abetting; Count 6 – Accounting; Count 7 Exemplary Damages; Count 8 – Attorney's Fees; and Count 9 – Request for Declaratory Judgment. In its request for declaratory judgment, the Plaintiff sought a determination that certain property is not an exempt asset and, therefore, that the Defendants are not entitled to avoid any judicial liens against such property. The Plaintiff did not request a summons, *see* Federal Rule 4(b) and Bankruptcy Rule 7004, or serve the Original Complaint on the Debtors.

The Plaintiff filed an objection to the Debtors' claimed exemptions on November 15, 2021. The Plaintiff alleged that the Defendants had purchased a home and real estate using ill-

gotten gains they obtained through intentional and willful fraud and deceptive business practices as described in their adversary complaint. In particular, the Plaintiff objected to the Debtors' exemption of their homestead as follows:

> Creditor further objects to Debtor's exemption of the Property to the extent the Property was purchased using ill-gotten gains Debtor obtained through its intentional and willful fraud and deceptive business practices as described in further detail in the Complaint and not with proceeds from the sale of a previous homestead and, as such, Debtors are not entitled to any exemption on the Property.

The Plaintiff did not file a response to the Debtors' motion to avoid Patriot Concrete's judicial lien. Accordingly, on November 18, 2022, the Court entered a default order granting the Debtors' motion. The November 18th order provided that "if the Debtors obtain a discharge, the judicial lien will be avoided to the extent it attaches to the assets listed in the Debtors' 'Schedule C Property Claimed as Exempt' and the deadline for objecting to the claimed exemptions has passed."

On November 22, 2021, the Plaintiff filed its Amended Complaint. Like the Original Complaint, the Amended Complaint asserted numerous counts but did not request any relief under 11 U.S.C. §§ 523 or 727. The Plaintiff requested that the Court issue summons, and summons were issued for the Plaintiff's Amended Complaint on January 20, 2022. However, no return of service was filed with the Court. Accordingly, it appears that the Amended Complaint was not served on the Defendants.

On January 13, 2022, the Defendants were issued an Order of Discharge in the main bankruptcy case.

On January 27, 2022, the Plaintiff filed its Second Amended Complaint in this adversary proceeding. The Plaintiff did not include any additional counts in its Second Amended Complaint, but included, in its request for declaratory judgment, a request for a declaration that

its debt is not dischargeable under "11 U.S.C. § 527." The Plaintiff also included a request for declaratory judgment that the Defendants should be denied a discharge under 11 U.S.C. § 727(a)(2)(A).

In the Second Amended Complaint, the Plaintiff alleges that it hired Greg Wisner, through his companies (GWise Group, LLC and GWise Developments, LLC), to serve as the general manager on construction projects at two commercial properties the Plaintiff owns. The Plaintiff alleges that it provided approximately $1.8 million to GWise Developments to commence work. The Plaintiff alleges that the Defendants (Dana Wisner is a member of GWise Developments) submitted frequent invoices to the Plaintiff for expenses they represented had been paid to subcontractors and for materials — but that they did not use the funds to pay for subcontractors or materials. Among other things, the Plaintiff alleges Greg Wisner subcontracted certain concrete work to Patriot Concrete but failed to pay.

The Second Amended Complaint alleges that Patriot Concrete sued Greg Wisner and his companies in state court for, among other things, fraud. The Wisner defendants failed to appear, and on July 6, 2021, Patriot Concrete obtained a judgment of default against Greg Wisner and GWise Development and a separate default judgment against GWise Group. Patriot Concrete also sued Ballout Real Estate, seeking payment for its work. Ballout Real Estate entered into a settlement agreement with Patriot Concrete whereby, among other things, Ballout Real Estate received an assignment of the default judgments.

In this adversary proceeding, summons for the Second Amended Complaint were issued for each of the Defendants on January 28, 2022. A return of service was returned on January 31, 2022. The Defendants promptly filed their motion to dismiss the Plaintiff's request for a declaratory judgment regarding discharge and dischargeability of a debt under 11 U.S.C. §§ 523

and 727. The Plaintiff opposed the motion to dismiss, and the Court scheduled the matter for a hearing on April 22, 2022. The Court also invited the parties to file post-hearing briefs on the question of whether a party may amend a complaint to assert a discharge or dischargeability claim after the filing deadline has passed.

## DISCUSSION

The parties have presented two issues for this Court to decide. First, whether the discharge and dischargeability claims included in the Second Amended Complaint relate back to the Original Complaint and are, therefore, timely. And if not, whether the discharge and dischargeability claims should be dismissed as time-barred pursuant to Federal Rule 12, made applicable to this adversary proceeding by Federal Rule 7012.

### Relation Back Under Federal Rule 15(c)

The Defendants cite Bankruptcy Rules 4004(a) and 4007(c) as the basis for their argument that the Plaintiff's request for a declaratory judgment regarding discharge and dischargeability in the Second Amended Complaint should be dismissed as time-barred. In a chapter 7 case, Bankruptcy Rule 4004(a) dictates that any objection to discharge filed pursuant to 11 U.S.C. § 727(a) must be filed no later than sixty (60) days after the first date set for the 11 U.S.C. § 341 meeting of creditors. Bankruptcy Rule 4007(c) similarly requires that a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) shall be filed within the same time frame.

Generally, these time limits are strictly applied, but a court may grant a motion extending the deadline before it expires. FED. R. BANKR. P. 4004(b). No such motion was filed here, and the Defendants have received their discharge. The Fifth Circuit has held that Bankruptcy Rules 4004(a) and 4007(c) should be "strictly construed" because the procedural rules "reflect[ ] the

7

overall goal of the bankruptcy process to provide individual debtors a fresh start." *Yaquinto v. Ward (Matter of Ward)*, 978 F.3d 298, 302 (5th Cir. 2020).

In response to the Defendants' motion to dismiss, the Plaintiff argues that the discharge and dischargeabilty claims in its Second Amended Complaint are, in fact, timely. The Plaintiff argues that it filed its Original Complaint within the 727/523 Deadline and, because the discharge and dischargeability claims arise out of the same facts alleged in the Original Complaint, the Second Amended Complaint relates back to its Original Complaint. The Plaintiff relies upon Federal Rule 15(c), which provides that an amended complaint relates back to the date of an original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading …." FED. R. CIV. P. 15(c)(1)(B).

"[H]owever, Rule 15(c) is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties." *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012). "Although not expressly mentioned in the rule, ... courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the pleading has performed that function ... will the amendment be allowed to relate back...." 6A Charles Wright et al., FEDERAL PRACTICE & PROCEDURE § 1497. As the Supreme Court has explained: "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 159 n. 3 (1984). Thus, only where the opposing party is given "fair notice of the general fact situation and the legal theory upon which the amending party proceeds" is relation back allowed. *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004).

As the Plaintiff acknowledges in its response to the Defendants' motion to dismiss, the Fifth Circuit has not decided whether a notice-based exception exists with respect to the deadlines for filing discharge and dischargeability actions. In *Covert v. McGuirt (Matter of McGuirt)*, 879 F.2d 182 (5th Cir. 1989), the Fifth Circuit expressly declined to decide "whether such a notice-based exception would ever be appropriate in a section 4007(c) case …." *Id*. at 183. The Fifth Circuit, instead, reasoned that even if such an exemption exists, the creditor's motion for relief from the stay filed in that case was not detailed enough to actually notify the debtor of the creditor's intent to object to his discharge. *Id.* at 183-84. Similarly, in *In re Alhuneidi*, 632 B.R. 737, 742 (Bankr. E.D. Tex. 2021), which the Plaintiff also cites, the bankruptcy court examined whether an extension motion provided clear or actual notice to the debtor of an objection to discharge and determined that it did not.

In this case, similar to *McGuirt*, this Court need not decide whether a notice-based exception is appropriate, because no actual notice was given prior to the 727/523 Deadline. The only complaint that was filed before the 727/523 Deadline is the Original Complaint. The Original Complaint was never served on the Defendants and, therefore, did not notify them of any claims. Even if it had been served, the Original Complaint did not contain any objection to discharge or dischargeability to which the Defendants could have responded.[1] The Original Complaint (like the motion for extension of time to object to the Defendants' claimed exemptions in the main bankruptcy case) did not clearly express an intent to object to discharge or dischargeability. In light of the strict construction of the deadlines in Bankruptcy Rules 4004(a) and 4007(c), which constrains the application of Federal Rule 15 in discharge and dischargeability cases, the Court concludes that the Debtors did not receive actual notice of the

---

[1] "As a general rule, 'the grounds alleged to constitute a bar to a debtor's discharge should be alleged with particularity ….'" *McGuirt*, 879 F.2d at 183 (quoting *Collier on Bankruptcy* ¶ 727.14). Notably, even the Second Amended Complaint does not identify which subsection(s) of § 523(a) the Plaintiff is seeking to invoke.

9

Plaintiff's discharge and dischargeability claims prior to the 727/523 Deadline, and the Second Amended Complaint does not relate back to the Original Complaint. *In re Higgins*, 2006 WL 6508479, at *1 (Bankr. N.D. Tex. Sept. 19, 2006) (citing *In re Primack,* 89 B.R. 954, 956 (Bankr. S.D. Fla. 1988) (holding that the specific deadline of Bankruptcy Rule 4004(a) restricts the court's general discretion under Federal Rule 15); and *CSX Transportation, Inc. v. Margolies,* 1988 WL 149239, *2 (N.D. Ill. Dec. 29, 1988) (holding that "[a]lthough the liberal amendment provisions of Fed.R.Civ.P. 15 are incorporated in Fed.R.Bankr.P. 7015, these rules are inapplicable in discharge cases")).

### **Dismissal Under Federal Rule 12(b)(6)**

The Court now turns to the Defendants' motion to dismiss. In this case, as discussed, the Plaintiff's discharge and dischargeability claims were not asserted until the Plaintiff filed its Second Amended Complaint, which was 88 days after the 727/523 Deadline. Allowing the Plaintiff's late-filed objections to discharge and dischargeability to proceed would be inconsistent with Bankruptcy Rule 9006(b), which states that the time periods set out in Bankruptcy Rules 4004 and 4007 may be extended "only to the extent and under the conditions stated in" the Rule. Permitting the Plaintiff's late-filed claims would operate to extend the time limit under conditions not stated in the rule itself. That is precisely what Bankruptcy Rule 9006(b) forbids. *See Nutraceutical Corp. v. Lambert*, – U.S. –, 139 S. Ct. 710, 714 (2019) (when a rule shows "a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving.").

The Plaintiff had actual notice of the Defendants' bankruptcy case. The Plaintiff was aware of the deadlines which were of record in the case, including the 727/523 Deadline. The

Defendants received their discharge on January 13, 2022 – more than two weeks prior to the filing of the Second Amended Complaint. No further objections to discharge are possible.

## CONCLUSION

For all these reasons, the Plaintiff's objection to the Defendants' motion to dismiss is **OVERRULED** and the Defendants' motion to dismiss a portion of the Second Amended Complaint is **GRANTED**. It is further **ORDERED** that the Plaintiff's request for declaratory judgment regarding discharge and dischargeabilty of a debt under 11 U.S.C. §§ 727 and 523 is hereby **DISMISSED**.

Signed on 9/29/2022

*Brenda T. Rhoades*       ST
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE